| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| SCOTT JOHNSON, | No. 2:16-cv-02881-KJM-AC |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| THE BURKE COMPANY, LLC, a California Limited Liability Company; RODELYN GARGANTILLA RAFFS; DEOK NAM KIM; JAE JUNG KIM; ISABEL U. RODRIGUEZ; MOSES ELIMAR RODRIGUEZ; and DOES 1-10, | |
| Defendants. | |

Catherine M. Corfee and Corfee Stone & Associates (collectively, "CSA") move to withdraw as counsel for defendants Isabel U. Rodriguez and Moses Elimar Rodriguez. Mot., ECF No. 24. CSA explains the Rodriguezes have ordered CSA to stop work in this case, ceased communicating with CSA, ignored CSA's legal advice and failed to pay for legal services; they also have declined to replenish a trust fund as per their fee agreement. *Id.* at 2–9; *id.* at 10–14 (Corfee Decl.). Because the Rodriguezes allegedly violated their fee agreement by not stipulating to CSA's withdrawal, CSA also requests reasonable reimbursement for its time preparing this motion. *Id.* at 8. CSA separately requests sanctions be imposed against plaintiff for incorrectly asserting CSA declined to participate in a recent joint statement. ECF No. 37.

1

Plaintiff Scott Johnson opposes the motion. Opp'n, ECF No. 34. He argues the Rodriguezes already authorized CSA to enter a stipulation with all parties dismissing this case with prejudice in light of a recent settlement. *Id.* (citing ECF No. 31 at 7–8; ECF No. 31-2 at 34). Accordingly, his counsel suggests, CSA's motion is unnecessary and is designed to delay dismissal so as to extract further payment from defendants. *Id.*

Under Local Rule 182(d), "an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared." Local Rule 182(d). The attorney must provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. *Id.* Leave to withdraw may be granted "subject to such appropriate conditions as the Court deems fit." *Id.* Withdrawal as an attorney is governed by the Rules of Professional Conduct of the State Bar of California. *Id.* California Rule of Professional Conduct 3-700(A)(2) requires an attorney take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [regarding release of a client's papers and property], and complying with applicable laws and rules." The Rules permit withdrawal if, as relevant here, (1) the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively," *id.* 3-700(C)(1)(d); (2) the client "breaches an agreement or obligation to the member as to expenses or fees," *id.* 3-700(C)(1)(f); or (3) the client "knowingly and freely assents to termination of the employment," *id.* 3-700(C)(5).

The decision to grant or deny a motion to withdraw is within the court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-01184, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (citation omitted). District courts in this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See Deal v. Countrywide Home Loans*, No. 09-01643, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-02999, 2009 WL 3367489, at *2

(E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-594, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

Good cause exists to grant CSA's motion because the Rodriguezes have not paid counsel's fees and have failed to respond to Ms. Corfee's repeated communications. Corfee Decl. ¶¶ 3, 7–8. Defendants appear to communicate primarily through a friend, Calvino Avila, who has communicated in a hostile manner with Ms. Corfee. *Id.* ¶¶ 14, 16, Exs. A, H, I. Ms. Corfee has needed to move for withdrawal, because the Rodriguezes have instructed her to cease all legal work but have also refused to stipulate to her withdrawal since April 2017. *Id.* ¶ 10. The attorney-client relationship cannot be maintained where, as here, there is an irremediable breakdown in communication between defendants and counsel such that counsel can no longer effectively represent her clients. *See United Fabrics Int'l, Inc. v. Life N Style Fashions Inc.*, No. 15-05733, 2016 WL 4208425, at *2 (C.D. Cal. Aug. 9, 2016) (attorney-client relationship irreparably broken where client refuses to provide necessary information in course of representation); *McNally v. Eye Dog Found. for Blind, Inc.*, 1:09-CV-1184AWISKO, 2010 WL 1687657, at *1 (E.D. Cal. Apr. 26, 2010) (withdrawal by counsel allowed where irreconcilable differences arose between counsel and client, and client had not paid attorney's fees). Defendants' conduct here renders it unreasonably difficult for CSA to effectively represent them. *See California Envtl. Protec. Assn. v. Sonoma Soil Builders, LLC*, 15-CV-04880-KAW, 2017 WL 1407900, at *3 (N.D. Cal. Apr. 20, 2017), *as modified*, 15-CV-04880-KAW, 2017 WL 1412014 (N.D. Cal. Apr. 20, 2017) (client's failure to pay legal bills and communicate with attorney prevented attorney from fulfilling legal obligations).

Withdrawal is proper only if the client's interest will not be unduly prejudiced or delayed. *Ramirez v. Sturdevant*, 21 Cal. App. 4th 904, 915 (1994) (an attorney may not withdraw "at a critical point and thereby prejudic[e] the client's case"); *see also* California Rule of Professional Conduct 3–700(A) ("[A] member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client"). There is little risk of prejudice to the Rodriguezes here. Plaintiff has represented that the case has settled and he has agreed to release all claims against defendants, although defendant

3

Burke Company, LLC, retains a right to seek indemnity and contribution from the remaining defendants. ECF No. 36. Three defendants have accordingly been dismissed. ECF No. 44. Although the Rodriguezes have not yet been dismissed, this case is likely near its end. CSA also has given ample notice of its intent to withdraw, which was shared first formally with the Rodriguezes in April 2017. In addition, although defendants have not stipulated to CSA's withdrawal, it appears that both CSA and defendants understand that the attorney-client relationship has already been terminated, at least in effect. *See* Reply at 3 ("Defendants Rodriguez fired CSA . . . . They have made it very clear they do not want CSA's representation."); *see also* Moises Rodriguez Affidavit, ECF No. 40 ("I told [Ms. Corfee] that I agreed [she was not my attorney] and that we didn't want her to represent us in this matter. As far as I knew, that was over."). Finally, though plaintiff argues otherwise, the record does not demonstrate that, before the attorney-client relationship deteriorated, the Rodriguezes ever provided knowing and unqualified assent for CSA to stipulate to dismissal of this action. *See* ECF No. 31 at 7–8 (Ms. Corfee's declaration detailing her August 16, 2017 call with the Rodriguezes, during which they explained they could not hear or understand her); ECF No. 31-2 at 34 (Mr. Rodriguez's August 17, 2017 e-mail to Ms. Corfee listing instructions, conditions and questions related to his authorization of any settlement); ECF No. 37 at 4 (Ms. Corfee's explanation that "[CSA] does not have confirmation that [the Rodriguezes] comprehend and understand the settlement agreement, its ramifications, including the Dismissal.").

      Defendants will not be prejudiced by granting CSA's motion. Neither will plaintiff suffer prejudice by proceeding against the Rodriguezes, be it pro se or with new counsel. Rather, the case now may proceed with a major impediment to resolution removed.

      For these reasons, the court GRANTS the motion to withdraw. CSA is ORDERED to serve on Isabel U. Rodriguez and Moses Elimar Rodriguez a copy of this order and file proof of service with the court within seven (7) days. CSA must still comply with any obligations under California Rule of Professional Conduct 3-700(D).

Because CSA does not provide the fee agreement the Rodriguezes allegedly violated thereby forcing it to bring this motion, the court DENIES CSA's request for reasonable reimbursement.

The court also DENIES CSA's request for sanctions against plaintiff for incorrectly asserting CSA declined to participate in a recent joint statement. ECF No. 37. The court has reviewed the parties' statements, ECF Nos. 37–38, detailing the overlapping communications between the parties in the days leading up to their joint statement, ECF No. 36. Based on this review, sanctions are not warranted against plaintiff, based on his representations to the court. Nor are sanctions warranted against CSA, given its attempts to comply with the court's order requiring a joint statement.

As a result of the court's order, Isabel U. Rodriguez and Moses Elimar Rodriguez are now proceeding pro se. The Clerk of the Court shall reflect as much on the court's docket.

IT IS SO ORDERED.

DATED: September 25, 2017.

_____
UNITED STATES DISTRICT JUDGE